# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Frederick Williams,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N22C-12-122 JRJ |
| | ) | |
| Toll Brothers Builders, | ) | |
| Hockessin Chase LP, | ) | |
| Michael Brown, Timothel J. Hoban, | ) | |
| And Michael Klein, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Date Submitted:  June 23, 2023
Date Decided:  July 13, 2023

**AND NOW TO WIT**, this 13th day of July 2023, upon consideration of the Defendants' Motion to Dismiss,[2] Defendants' Motion for Sanctions,[3] Plaintiff's Responses thereto, and the record in this matter, **IT APPEARS TO THE COURT** that:

(1)     Over the last several years, Frederick Williams ("Mr. Williams") has filed multiple lawsuits in reference to his residential property located on Olmstead Drive in Bear, Delaware,[4] seeking damages for alleged construction defects in his

---

[1] Mr. Williams is self-represented.
[2] Defs.' Mot. to Dismiss, Trans. ID 68878555, Jan. 12, 2023.
[3] Defs.' Mot. for Sanctions, Trans. ID 69160456, Feb. 15, 2023.
[4] *See* Defs.' Mot. to Dismiss at 1-3; *Williams v. Toll Bros. Builders*, 2022 WL 2678895, at \*1-2 (Del. Super. July 12, 2022) (Wallace, J.); *see generally Williams v. Toll Bros. Builders*, 257 A.3d 1022 (Del. 2021).

stucco roof, driveway, and other areas of his home.[5]  Before filing the Complaint in this case, he filed twice in the Court of Common Pleas, twice in the Superior Court, and appealed the matter to the Supreme Court, where the Superior Court's decision was affirmed.[6]

**Defendants' Motion to Dismiss**

(2)     On December 14, 2022, Mr. Williams filed the instant Complaint in the Superior Court, where he again alleges construction defects and misconduct by the Defendants and seeks "damages for the full price [] paid for this house and with what the [c]urrent value of the property would have been if they hadn't defrauded me.…"[7]

(3)     The Defendants filed a Motion to Dismiss on January 12, 2023, arguing, among other things, that Mr. Williams' claims are barred by *res judicata*.[8] A review of the Complaint makes clear that Mr. Williams' claims in this suit are barred because Mr. Williams seeks relief for the same alleged construction defects alleged in his prior lawsuits.[9]  Because the claims here are the same claims the Court

---

[5] *See supra* note 2.
[6] *See Williams v. Toll Brothers Builders, et al.*, C.A. No. N20C-06-198 VLM (Del. Super. Oct. 8, 2020); *see also Williams*, 257 A.3d 1022, *cert. denied*, 143 S. Ct. 167, 214 L. Ed. 2d 57 (2022).
[7] Compl. at 10, Trans. ID 6860411510.
[8] The Defendants also argue that Mr. Williams' Complaint is subject to dismissal because it is barred by the statute of limitations and fails to state a claim upon which relief can be granted. *See* Defs.' Mot. to Dismiss at 3-4.
[9] *Id.*

previously found barred by *res judicata*,[10] the Court must **GRANT** the Defendants' Motion to Dismiss.

## Defendants' Motion for Sanctions

(4)     On February 15, 2023, the Defendants filed a motion for sanctions ("Motion for Sanctions").[11]   The Defendants allege that by filing the instant Complaint, Mr. Williams violated Rule 11(b), thereby exposing himself to sanctions.[12] The Defendants seek reasonable attorneys' fees and ask as an additional sanction that the Court strike the Complaint.[13]

(5)     Pursuant to Superior Court Civil Rule 11(c), the Court may impose sanctions where a party to an action violates subdivision (b) of the rule.[14]   Rule 11(b) states:

> By representing to the Court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]

---

[10] Defs.' Mot. to Dismiss, Ex. E, at 120-38; *see also Williams*, 2022 WL 2678895.
[11] *See generally* Defs.' Mot. for Sanctions.  Although styled as a "Motion for Sanctions and Motion to Strike Complaint," the "Motion to Strike Complaint" is actually one of the sanctions sought by the Defendants in their Motion for Sanctions, not a "motion" itself.
[12] *See generally id.*
[13] *See generally id.*, *see supra* note 11.
[14] Super. Ct. Civ. R. 11(c).

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . .[15]

(6)     The Court may grant Rule 11 sanctions only after certain procedural requirements are met.[16]  A motion for Rule 11 sanctions must be filed separately from any other motions or requests, it must describe the specific conduct alleged to constitute a violation of Rule 11,[17] and it must then be served on the alleged violating party.  It may only be presented to the Court if "within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."[18]

(7)     The Defendants here have met all of the procedural requirements.  The Motion for Sanctions was filed separately from the Defendants' Motion to Dismiss,[19]

---

[15] *Id.* at 11(b).

[16] *See generally Muho v. Wilmington Tr.*, 2015 WL 4126327 (Del. Super. July 8, 2015); *Hunt v. Court of Chancery*, 254 A.3d 396 (Del. 2021).

[17] Super. Ct. Civ. R. 11(c)(1)(A); *see Muho*, 2015 WL 4126327, at *2.

[18] Super. Ct. Civ. R. 11(c)(1)(A).

[19] *See supra* note 11.  The Defendants filed their Motion to Dismiss on January 12, 2023.  *See generally* Defs.' Mot. to Dismiss.  On January 18, 2023, the Defendants served Mr. Williams with the Motion for Sanctions.  *See* Defs.' Mot. for Sanctions, Ex. B.  When Mr. Williams failed to withdraw his Complaint within 21 days of service, the Defendants filed their Motion for Sanctions with the Court on February 15, 2023.  *See* Defs.' Mot. for Sanctions.

4

it describes the purported Rule 11 violations,[20] and the Defendants effected proper service on Mr. Williams.[21]

(8)  Rule 11 sanctions are an extraordinary measure and should only be imposed after careful consideration and for the purpose of providing redress for "clearly egregious and abusive conduct."[22] "[S]anctions should be reserved for those instances where the Court is reasonably confident that an attorney does not have an objective good faith belief in the legitimacy of a claim or defense."[23] Sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."[24] They may be monetary or non-monetary and may include an order directing the party in violation to pay all or some of the moving party's reasonable attorneys' fees.[25]

---

[20] The Defendants allege that Mr. Williams sued them in bad faith with the sole purpose of harassing them. They argue that Mr. Williams' Complaint recycles his old claims by bringing the same lawsuit as his 2017, 2019, 2020, and 2022 suits. The Defendants claim that Mr. Williams is acting in bad faith by refusing to follow binding precedent regarding his claims and that by pursuing claims which were previously decided against him, his conduct amounts to an egregious waste of the Court's and parties' resources. *See* Defs.' Mot. for Sanctions.

[21] *See generally* Super. Ct. Civ. R. 11(c)(1)(A).

[22] *Hunt*, 254 A.3d 396, 2021 WL 2418984, at *4 (quoting *Crumplar v. Superior Court ex rel. New Castle Cnty.*, 56 A.3d 1000, 1011-12 (Del. 2012)). The decision to impose sanctions is a matter existing squarely within the discretion of the trial court. *See Id.* at *7 (quoting *Appeal of Infotechnology, Inc.*, 582 A.2d 215 (Del. 1990)) ("[T]rial courts retain their traditional powers, which are indeed potent, to address, rectify and punish conduct of a party or counsel which threatens the legitimacy of judicial proceedings . . . . Any abuses . . . should, and must, be addressed by the trial court who has full power to employ the substantive and procedural remedies available to properly control the parties . . . and to ensure the fairness of the proceedings.") (internal quotations omitted).

[23] *Hunt*, 254 A.3d 396, 2021 WL 2418984, at *4 (citing *Smith v. Donald L. Mattia, Inc.*, 2012 WL 252271, at *5 (Del. Ch. Jan. 13, 2012)).

[24] Super. Ct. Civ. R. 11(c)(2).

[25] *Id.*

(9)     Notwithstanding multiple court rulings and orders stating that his claims are barred by *res judicata*, Mr. Williams sued the Defendants again, raising the same claims and seeking the same relief.  Mr. Williams' unwillingness to follow binding legal precedent continues to force the Defendants to defend themselves in a lawsuit for which there is no legal basis.  Although the Court has afforded Mr. Williams numerous opportunities to respond to the Defendants' Motion for Sanctions, he continues to file letters and materials that are neither relevant nor responsive to the legal arguments raised in the motion.[26]  Given his demonstrated lack of regard for Court rulings, the Court fears that absent a sanction for his repetitive conduct, he will continue to file lawsuits barred by law, costing the Defendants substantial attorneys' fees and expenses.  The Court is also concerned about the waste of attorney time and judicial resources resulting from Mr. Williams' litigiousness.

(10)    Delaware law requires that the party accused of violating Rule 11 be afforded a "reasonable opportunity to respond" before the Court may order

---

[26] On March 27, 2023, the Court held Oral Argument on the parties' motions.  Judicial Action Form, Trans. ID 69987751.  The Court reserved judgment on all three motions, allowing the record to remain open so the parties could present supplemental evidence. *Id.*  Mr. Williams used that opportunity to supplement the record by filing two additional letters and several pages of exhibits, none of which addressed the Defendants' Motion to Dismiss or Motion for Sanctions. *See* Pl.'s Letter, May 9, 2023, Trans. ID 69980053; *see also* Pl.'s Letter May 23, 2023, Trans. ID 70068292.  And rather than address the arguments in the Defendants' motion, his letters repeat his own arguments.

sanctions.[27] This means, regardless of whether the nonmoving party requests it, the Court must afford the accused litigant the "opportunity . . . to present evidence and respond orally before the court imposes sanctions."[28] Where the Court seeks to impose monetary sanctions, the hearing shall include an inquiry into the litigant's ability to pay.[29] The record is clear that the Court has afforded Mr. Williams a reasonable opportunity to respond in writing to the Defendants' arguments in favor of imposing sanctions. He is now entitled to a hearing. The Court will **DEFER** ruling on the Defendants' Motion for Sanctions until after that hearing is concluded.[30]

> **NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:
>
> A.    The Defendants' Motion to Dismiss is **GRANTED**.
>
> B.    The Defendants' Motion for Sanctions is **DEFERRED** pending a hearing.
>
> 1.  Defense counsel shall submit an affidavit setting forth an accounting of their reasonable fees and expenses incurred in connection with defending the instant case on or before **Monday, August 14, 2023**.

---

[27] *Hunt*, 254 A.3d 396, 2021 WL 2418984, at *4 (quoting *Crumplar v. Superior Court ex rel. New Castle Cnty.*, 56 A.3d 1000, 1011-12 (Del. 2012)).

[28] *Id.* Where the Court seeks to impose monetary sanctions, the hearing shall include an inquiry into the litigant's ability to pay. *Id.*

[29] *Id.*

[30] *Id. See generally* Super. Ct. Civ. R. 11(c).

2. The Rule 11 hearing will be held **in-person at 9:00 a.m., Tuesday, August 29, 2023**, at which time Mr. Williams will have the opportunity to present evidence and respond orally, before the Court issues a decision regarding sanctions. Any evidence Mr. Williams seeks to present at the hearing should address (1) why Rule 11 sanctions are not warranted, (2) the reasonableness or unreasonableness of the Defendants' claimed fees and expenses, and (3) his ability to pay such fees and expenses.

_/s/ Jan R. Jurden_
Jan R. Jurden, President Judge

cc: Prothonotary
Thomas H. Kramer, Esq.
Alpa Bhatia, Esq.
Frederick Williams, *pro se*